1  Eugene J. Egan (State Bar No. 130108)
    *eje@manningllp.com*
2  Joshua Babataher (State Bar No. 311367)
    *jkb@manningllp.com*
3  **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
    Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
    Facsimile: (213) 624-6999
6
7  Attorneys for Defendant TARGET
    CORPORATION (Erroneously sued
    herein as TARGET BRANDS, INC.)
8
9              **UNITED STATES DISTRICT COURT**
10        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
11
12  LYMBHYA TAVERA GARCIA, an         Case No.
     individual,
13                                     (State Case No. 20STCV15673)
14              Plaintiff,             **NOTICE OF REMOVAL OF**
                                       **ACTION UNDER 28 U.S.C.**
15       v.                            **§1441(b)1 (DIVERSITY);**
                                       **DECLARATION OF JOSHUA K.**
16  TARGET BRANDS, INC. and DOES 1    **BABATAHER**
     through 100,
17
               Defendants.
18
19          **TO THE CLERK OF THE ABOVE ENTITLED COURT:**
20          PLEASE TAKE NOTICE THAT defendant TARGET CORPORATION
21  (hereinafter, "Target" or "Defendant") hereby removes to this Court the state court
22  action described below.
23          1.     On April 23, 2020, an action was commenced in the Superior Court of
24  the State of California in an for the County of Los Angeles, entitled LYMBHYA
25  TAVERA GARCIA, an individual, Plaintiff vs. TARGET CORPORATION and
26  DOES 1 through 100, inclusive, Defendants , as Case Number 20STCV15673 (the
27  "Action"). A true and correct copy of Plaintiff's Complaint is attached hereto as
28  **Exhibit "A."**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

2.     Target was first served a copy of the Complaint on July 13, 2020. A true and correct copy of the Proof of Service of Process is attached hereto as **Exhibit "B."**

3.     Plaintiff was, at the time he she filed the Action and still is, a citizen of the State of California.

4.     On August 12, 2020, Target filed and served its Answer to Complaint, Demand for Jury Trial with the California Superior Court. A true and correct copy of Target's Answer to Complaint, Demand for Jury Trial is attached hereto as **Exhibit "C."**

5.     Aggregating all of the damages that Plaintiff seeks, the amount in controversy exceeds $75,000.00 based on Plaintiff's responses to Defendant's form interrogatories, dated January 5, 2021. Plaintiff's responses to form interrogatories allege medical special damages in excess of $105,000.00, as well as lost earnings in excess of $6,744.00. A true and correct copy of Plaintiff's responses to Defendant's form interrogatories is attached hereto as **Exhibit "D."**

6.     This removal is timely and was filed within thirty (30) days of receipt by Defendant, of a copy of Plaintiff's responses to form interrogatories, from which it was first ascertained that the case is one which is or has become removable.

7.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.     Target is the only named defendant; the other defendants in this action are fictitiously named, designated as DOES 1 to 100, and their citizenship shall not be considered in determining diversity jurisdiction. 28 U.S.C. §1446(b).

9.     Target Corporation was, at the time of the filing of this action, and still is, a citizen of the State of Minnesota, incorporated under the laws of the State of

2

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

1    Minnesota, with its principal place of business in the State of Minnesota. Both the

2    California Secretary of State and Minnesota Secretary of State identify Target

3    Corporation as a Minnesota Corporation with its principle address at 1000 Nicollet

4    Mall, Minneapolis, Minnesota 55403 on their respective websites. True and correct

5    copies of search results for Target Corporation on those websites are attached

6    hereto as Exhibit "**E**."

7         10.    Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process,

8    pleadings, and orders sent to and received by Target in the State Court action are

9    attached hereto.

10

11   DATED: January 18, 2021              **MANNING & KASS**
                                          **ELLROD, RAMIREZ, TRESTER LLP**
12

13

14                                        By:      */s/ Joshua K. Babataher*

15                                              Joshua K. Babataher
                                                Attorneys for Defendant TARGET
16                                              CORPORATION (Erroneously sued herein
                                                as TARGET BRANDS, INC.)
17

18

19

20

21

22

23

24

25

26

27

28

**MANNING & KASS**
ELLROD, RAMIREZ, TRESTER LLP

### DECLARATION OF JOSHUA BABATAHER

I, Joshua Babataher, declare as follows:

1.  I am an attorney duly admitted to practice in the courts of the State of California and am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant TARGET CORPORATION. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Defendant's Notice of Removal of Action Under 28 U.S.C. §1441(b)1 (diversity).

2.  On April 23, 2020, an action was commenced in the Superior Court of the State of California in an for the County of Los Angeles, entitled LYMBHYA TAVERA GARCIA, an individual, Plaintiff vs. TARGET CORPORATION and DOES 1 through 100, inclusive, Defendants , as Case Number 20STCV15673 (the "Action"). A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**

3.  Target was first served a copy of the Complaint on July 13, 2020. A true and correct copy of the Proof of Service of Process is attached hereto as **Exhibit "B."**

4.  Plaintiff was, at the time he she filed the Action and still is, a citizen of the State of California.

5.  On August 12, 2020, Target filed and served its Answer to Complaint, Demand for Jury Trial with the California Superior Court. A true and correct copy of Target's Answer to Complaint, Demand for Jury Trial is attached hereto as **Exhibit "C."**

6.  Aggregating all of the damages that Plaintiff seeks, the amount in controversy exceeds $75,000.00 based on Plaintiff's responses to Defendant's form interrogatories, dated January 5, 2021. Plaintiff's responses to form interrogatories allege medical special damages in excess of $105,000.00, as well as lost earnings in excess of $6,744.00. A true and correct copy of Plaintiff's responses to Defendant's

form interrogatories is attached hereto as **Exhibit "D."**

7.    This removal is timely and was filed within thirty (30) days of receipt by Defendant, of a copy of Plaintiff's responses to form interrogatories, from which it was first ascertained that the case is one which is or has become removable.

8.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9.    Target is the only named defendant; the other defendants in this action are fictitiously named, designated as DOES 1 to 100, and their citizenship shall not be considered in determining diversity jurisdiction. 28 U.S.C. §1446(b).

0.    Target Corporation was, at the time of the filing of this action, and still is, a citizen of the State of Minnesota, incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota. Both the California Secretary of State and Minnesota Secretary of State identify Target Corporation as a Minnesota Corporation with its principle address at 1000 Nicollet Mall, Minneapolis, Minnesota 55403 on their respective websites. True and correct copies of search results for Target Corporation on those websites are attached hereto as Exhibit "E."

///
///
///
///
///
///
///
///

2

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (b)1 (DIVERSITY); DECLARATION OF JOSHUA K. BABATAHER**

11.     Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders sent to and received by Target in the State Court action are attached hereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of January, 2021, at Los Angeles, California.


*/s/ Joshua K. Babataher*
Joshua K. Babataher

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (b)1 (DIVERSITY); DECLARATION OF
JOSHUA K. BABATAHER

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/23/2020 03:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:21-cv-00492   Document 1   Filed 01/19/21   Page 11 of 59   Page ID #:11

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Thomas Long

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|
| Colleen O'Hara, #201827<br>Law Office of Colleen O'Hara<br>205 South Broadway Suite 902<br>Los Angeles, CA 90012<br><br>  TELEPHONE NO.: 213628-3929        FAX NO. *(Optional)*: 213628-3908<br>E-MAIL ADDRESS *(Optional)*:<br>  ATTORNEY FOR *(Name):* Lymbhya Tavera Garcia | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
 STREET ADDRESS: 312 North Spring Street
 MAILING ADDRESS:
 CITY AND ZIP CODE: Los Angeles, CA 90012
 BRANCH NAME: Spring Street Courthouse

 PLAINTIFF: Lymbhya Tavera Garcia

 DEFENDANT: Target Brands, Inc

 [ x ] DOES 1 TO 100

| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** | CASE NUMBER: |
|---|---|
| [ ] **AMENDED *(Number):*** | 20STCV15673 |

Type *(check all that apply):*
[ ] MOTOR VEHICLE   [ x ] OTHER *(specify):* SLIP AND FALL
  [ ] Property Damage  [ ] Wrongful Death
  [ x ] Personal Injury   [ ] Other Damages *(specify):*

**Jurisdiction** *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded  [ ] does not exceed $10,000
          [ ] exceeds $10,000, but does not exceed $25,000
[ x ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
  [ ] from limited to unlimited
  [ ] from unlimited to limited

1. **Plaintiff** *(name or names):* Lymbhya Tavera Garcia
   alleges causes of action against **defendant** *(name or names):*
   Target Brands, Inc

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-PI-001

| SHORT TITLE:<br>Tavera Garcia v Target Brands, Inc and Does 1-100 | CASE NUMBER: |
|---|---|

4.    Plaintiff *(name)*:
      is doing business under the fictitious name *(specify)*:

      and has complied with the fictitious business name laws.

0.  Each defendant named above is a natural person

   a. ___**x** **except** defendant *(name)*: Target Brands, Inc

     (1)      a business organization, form unknown

     **(0)**    **x** a corporation

     (2)      an unincorporated entity *(describe)*:

     (3)      a public entity *(describe)*:

     (5)   ____   other *(specify)*

   c. (¹) **except** defendant *(name)*:

     (2)      a business organization, form unknown

     (3)   ____ a corporation

     (4)      an unincorporated entity *(describe)*:

     (5)      a public entity *(describe)*:

     other *(specify)*:

   b. _____ **except** defendant *(name)*:

     (1)      a business organization, form unknown

     (2)      a corporation

     (3)      an unincorporated entity *(describe)*:

     (4)      a public entity *(describe)*:

     (5)      other *(specify)*:

   d. (¹) **except** defendant *(name)*:

     (2)   ____ a business organization, form unknown

     (3)      a corporation

     (4)      an unincorporated entity *(describe)*:

     (5)      a public entity *(describe)*:

     other *(specify)*:

     Information about additional defendants who are not natural persons is contained in Attachment 5. 6.

The true names of defendants sued as Does are unknown to plaintiff.

   **a.**   **x** Doe defendants *(specify Doe numbers)*: 1-50 _____ were the agents or employees of other
     named defendants and acted within the scope of that agency or employment.

   **b.**   **x** Doe defendants *(specify Doe numbers)*: 51-100 _____ are persons whose capacities are unknown to
     plaintiff.

7.    Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because

   a.       at least one defendant now resides in its jurisdictional area.

   b.       the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.

   c.       injury to person or damage to personal property occurred in its jurisdictional area.

   .    **x** other *(specify)*:
     The Central District is the mandatory location for filing personal injury cases.

9.  **x**   Plaintiff is required to comply with a claims statute, **and**

   a.    x has complied with applicable claims statutes, **or**

   d.       is excused from complying because *(specify)*:

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE:<br>Tavera Garcia v Target Brands, Inc and Does 1-100 | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

a. ___ Motor Vehicle
. __x__ General Negligence
a. _____ Intentional Tort
b. _____ Products Liability
c. _x_ Premises Liability
d. _____ other *(specify):*

11. Plaintiff has suffered
a. __x__ wage loss
b. __x__ loss of use of property
c. __x__ hospital and medical expenses
d. __x__ general damage
e. __x__ property damage
. __x__ loss of earning capacity
9 . _____ other damage *(specify):*

12. _____ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
a. _____ listed in Attachment 12.
b. _____ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
a. (1) x compensatory damages
(2) _____ punitive damages
The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
(1) x according to proof
(0) in the amount of: $

15. x The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
10, 11

Date: 4/23/2020

Lymbhya Tavera Garcia
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 (Rev. January 1, 2007)  **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**  Page 3 of 3

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Tavera Garcia v Target Brands, Inc and Does 1-100 | |

__1__
(number)

**CAUSE OF ACTION—Premises Liability**      Page ᵛ

ATTACHMENT TO __ᵛ___  Complaint   Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Lymbhya Tavera Garcia
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* 9/9/2018                              plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*
Plaintiff was shopping at Defendant Target Brands, Inc store at the West Hollywood location at 7100 Santa Monica
Boulevard, #201, West Hollywood, CA 90046. Plaintiff was walking when she slipped on a pool of liquid in the store
and fell, seriously injuring her knee.

Defendant Target Brands, Inc owned and/or leased and/or occupied and/or controlled the property situated at the
subject location. Defendant Target Brands, Inc was negligent in the use and/or maintenance of the property. Plaintiff
was harmed. The negligence of Defendant Target Brands, Inc was a substantial factor in causing Plaintiffs harm.
Plaintiff sustained damages that will be established according to proof at trial.

Prem.L-2.     ᵛ **Count One—Negligence** The defendants who negligently owned, maintained, managed and
operated the described premises were *(names):*
Target Brands, Inc

        ᵛ Does 1 _____ to 100 _____

Prem.L-3.  ____ **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):*

Does          _____ to _____

        Plaintiff, a recreational user, was ____ an invited guest ____ a paying guest.

Prem.L-4.     **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
on which a dangerous condition existed were *(names):*

        Does _____ to _____

a.        The defendant public entity had ____ actual _____ constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
        c. The condition was created by employees of the defendant public entity.

Prem.L-5. a. ____ **Allegations about Other Defendants** The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were *(names):*

        ᵛ Does ¹ _____ to 50 _____

b ᵛ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
described in attachment Prem.L-5.b ᵛ as follows *(names):*
Does 51-100

Form Approved for Optional Use
Judicial Council of California PLD-
PI-001(4) [Rev. January 1, 2007]

**CAUSE** OF **ACTION—Premises Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(2)

| | |
|---|---|
| SHORT TITLE:<br>Tavera Garcia v Target Brands, Inc and Does 1-100 | CASE NUMBER: |

2 _____    **CAUSE OF ACTION—General Negligence** Page 5 _____
(number)

ATTACHMENT TO ₓ Complaint          Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Lymbhya Tavera Garcia

alleges that defendant *(name):* Target Brands, Inc

x _____    Does _____    to 100 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff

on *(date):* 9/9/2018

at *(place):* 7100 Santa Monica Boulevard, #201, West Hollywood, CA 90046

*(description of reasons for liability):*
On September 9, 2018, Defendant Target Brands, Inc owned and/or leased and/or occupied and/or operated the property at
the subject location.

On that date, Plaintiff went onto Defendant's premises and she was caused to slip and fall as a result of a liquid or some
other transitory substance on the floor. Plaintiff seriously injured her knee.

Defendant owed a duty of reasonable care towards invitees like Plaintiff.

Defendant knew, or, in the exercise of its duty of reasonable care should have known, of the condition, or Defendant created
the condition, either through the acts of its employees, or in its negligent method of operation, and Defendant should have
corrected the condition or warned Plaintiff of its existence. Moreover, Defendant should have had a non-slip surface which
would have prevented the fall which resulted from a foreseeable condition.

As indicated, Defendant breached its duty of reasonable care towards Plaintiff, and Defendant's breach caused Plaintiff to
sustain damages.

As a result of the negligence of the Defendant, Plaintiff suffered permanent bodily injury, resulting in pain and suffering,
disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical expenses, and loss of future
earning capacity. As the injuries are permanent, Plaintiff will continue to suffer losses in the future.

Plaintiff seeks general and special damages in an amount according to proof at trial.

Page 1 of 1

Form Approved for Optional Use<br>Council of California<br>PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence** Judicial

Code of Civil Procedure 425.12
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2020 11:53 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

Case 2:21-cv-00492   Document 1   Filed 01/19/21   Page 17 of 59   Page ID #:17

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Law Office of Colleen O'Hara, CSB 201827<br>205 South Broadway, Suite 902<br>Los Angeles, CA 90012<br><br>TELEPHONE NO.: (21 3) 628-3929      FAX NO. *(Optional)*: (213) 628-3908<br>E-MAIL ADDRESS *(Optional)*: colleenoharalaw(@.vahoo.com<br>ATTORNEY FOR *(Name)*: Lvmbhva Tavera Garcia | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS:312 North SDrina Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: SDrina Street Courthouse

| PLAINTIFF/PETITIONER: Lymbhya Tavera Garcia | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Target Corporation and Does 1-50 | 20STCV15673 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   d. ☐ cross-complaint
   e. ☒ other *(specify documents):* Amendment to Complaint (Incorrect Name)

3. a. Party served *(specify name of party as shown on documents served):*
      Target Corporation
   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      *i* under item 5b on whom substituted service was made) *(soecifvpacne pnd relatio ship to the party named in item* 3a):
      CT Corporation System, Agent for Service Process 4/i4j°t 0 *PL/fifYl* C

4. Address where the party was served:
   818 West Seventh Street, Suite 930, Los Angeles, CA 90017

5. I served the party *(check proper box)*
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
         receive service of process for the party (1) on (date): July 13, 2020        (2) at *(time):*
   b. ☐ by substituted service. on *(date):*                      at *(time):*        I left the documents listed in item 2 with or
         in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ____ (business) a person at least 18 years of age apparently in charge at the office or usual place of business
               of the person to be served. I informed him or her of the general nature of the papers.
      (1)       (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
               place of abode of the party. I informed him or her of the general nature of the papers.
      (2)       (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
               address of the person to be served, other than a United States Postal Service post office box. I informed
               him or her of the general nature of the papers.
      (2) ____ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
               at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
               *(date):*                 from *(city):*                        or       a declaration of mailing is attached.
      (3)       I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]                **PROOF OF SERVICE OF SUMMONS**                Code of Civil Procedure, § 417.10

POS-010

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

5. c. _____ **by mail and acknowledgment of receipt of service. I** mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)   on *(date):*      (2) from *(city):*

    (3)   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4)   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. _____ **by other means** *(specify means of service and authorizing code section):*

    _____ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. _____ as an individual defendant.

  b. _____ as the person sued under the fictitious name of *(specify):*

  c. _____ as occupant.

  f.   x  On behalf of *(specify):* Target Corporation

    under the following Code of Civil Procedure section:

| | |
|---|---|
| _____ 416.10 (corporation) | _____ 415.95 (business organization, form unknown) |
| _____ 416.20 (defunct corporation) | _____ 416.60 (minor) |
| _____ 416.30 (joint stock company/association) | _____ 416.70 (ward or conservatee) |
| _____ 416.40 (association or partnership) | _____ 416.90 (authorized person) |
| _____ 416.50 (public entity) | _____ 415.46 (occupant) |
| | other: |

7. **Person who served papers**

  a.  Name: Thomas Miller

  b.  Address: P.O. Box 4081, Covina, CA 91723

  c.  Telephone number: (310) 721-1030

  **d.**  **The fee** for service was: $ *0* [0] [(1,-]

  e.  I am:

    (1)    not a registered California process server.

    (2)    exempt from registration under Business and Professions Code section 22350(b).

    (3)  x  a registered California process server:

        _____ owner  employee _____ x __ independent contractor.

      (ii)   Registration No.: 2018063464

      (iii)  County: Los Angeles

8. _X_ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct. **or**

6. _____ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 7/20/2020

Thomas Miller
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| Print this form | Save this form |
|---|---|

**Clear this form**

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 08/12/2020 12:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1   Eugene J. Egan (State Bar No. 130108)
       *eje@manningllp.com*
2   Joshua Babataher (State Bar No. 311367)
       *jkb@manningllp.com*
3   **MANNING & KASS**
     **ELLROD, RAMIREZ, TRESTER LLP**
4   801 S. Figueroa St, 15th Floor
     Los Angeles, California 90017-3012
5   Telephone: (213) 624-6900
     Facsimile: (213) 624-6999
6
     Attorneys for Defendant TARGET CORPORATION
7   (Erroneously sued herein as TARGET BRANDS, INC.)

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE**

10

11

12   LYMBHYA TAVERA GARCIA, an       | Case No. 20STCV15673
     individual,                     | [Assigned to the Hon. Jon R. Takasugi,
13                                    | Dept.: 31]
                Plaintiff,            |
14                                    | **DEFENDANT TARGET**
          v.                          | **CORPORATION'S ANSWER TO**
15                                    | **PLAINTIFF'S COMPLAINT; DEMAND**
     TARGET BRANDS, INC. and DOES 1   | **FOR JURY TRIAL**
16   through 100, inclusive ,         |
                                      | **Action Filed:     4/23/20**
17              Defendants.           | **Trial Date:       10/21/21**

18        Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure,

19   defendant TARGET CORPORATION, (Erroneously sued herein as TARGET BRANDS, INC.)

20   ("defendant"), answers the Complaint of plaintiff LYMBHYA TAVERA GARCIA ("plaintiff")

21   as follows.

22                                **GENERAL DENIAL**

23        1.      Defendant denies generally and specifically each and every allegation in the

24   Complaint, pursuant to Code of Civil Procedure §431.30, and further denies that plaintiff was

25   injured, or that plaintiff sustained, or will sustain damages in the sums alleged in the Complaint, or

26   in any sum, or at all.

27                          **FIRST AFFIRMATIVE DEFENSE**

28        2.      The Complaint and each and every purported cause of action therein fails to state

_____
**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR
JURY TRIAL**

facts sufficient to constitute a cause of action against this answering defendant. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### SECOND AFFIRMATIVE DEFENSE

3.     This answering defendant is informed and believes and thereupon alleges that plaintiff failed to exercise reasonable and ordinary care, caution or prudence for her own safety, in order to avoid the alleged accident. The resulting injuries and damages, if any, sustained by plaintiff were proximately caused and contributed to by the negligence of plaintiff himself. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### THIRD AFFIRMATIVE DEFENSE

4.     Defendant alleges that insofar as Defendant has delegated any duty to any subordinate, such delegation was at all times done in good faith, and with due care. Plaintiff is therefore not liable for any act or omission of any subordinate.

### FOURTH AFFIRMATIVE DEFENSE

5.     Defendant alleges that plaintiff's recovery is reduced or diminished by plaintiff's failure to mitigate her damages. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### FIFTH AFFIRMATIVE DEFENSE

6.     Defendant alleges that Plaintiff has not been injured or damaged as a proximate result of any act or omission for which Defendant is responsible.

### SIXTH AFFIRMATIVE DEFENSE

7.     If plaintiff sustained any damage as alleged in the Complaint, that damage was proximately caused and contributed to by other parties to this action, whether served or not served, or by other persons or entities not parties to this action. The proportionate degree of negligence or fault of each of said other persons or entities must be determined and prorated and any judgment

2

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

that might be rendered against defendant herein must be reduced not only by that degree of comparative negligence and fault found to exist as to plaintiff, but also as to the total of that degree of negligence or fault found to exist as to said other persons or entities. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

**SEVENTH AFFIRMATIVE DEFENSE**

8.      This answering defendant denies that a dangerous condition existed. However, if it is determined that a dangerous condition in fact did exist, such condition was open and obvious. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

**EIGHT AFFIRMATIVE DEFENSE**

9.      This answering defendant denies that a dangerous condition existed. However, if it is determined that a dangerous condition in fact did exist, such condition was trivial. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

**NINTH AFFIRMATIVE DEFENSE**

10.      Defendant alleges that other persons, either known and/or unknown to this answering defendant, are in whole or in part liable to plaintiff and/or proximately or legally caused plaintiff's alleged injuries. Pursuant to Civil Code Section 1431.2, plaintiff must look to these other persons for recompense for plaintiff's alleged damages. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

**TENTH AFFIRMATIVE DEFENSE**

11.      Defendant alleges that plaintiff engaged in conduct and activities with respect to the subject of this Complaint, by reason of said activities and conduct, plaintiff is estopped from asserting any claims for damages or seeking any other relief against this answering defendant.

3

**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### ELEVENTH AFFIRMATIVE DEFENSE

12.     Defendant alleges that plaintiff engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### TWELFTH AFFIRMATIVE DEFENSE

13.     Defendant alleges that the injuries and damages of which plaintiff complains were proximately caused by or contributed to by the acts of other defendants, cross-defendants, persons and/or other entities, and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which the plaintiff complains, thus barring plaintiff from any recovery against this answering defendant. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### THIRTEENTH AFFIRMATIVE DEFENSE

14.     That the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts of the law which warranted the filing of the Complaint against this responding defendant. Plaintiff should therefore be responsible for all defendant's necessary and reasonable defense costs, as more particularly set forth in California Code of Civil Procedure Section 1038. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### FOURTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's Complaint and each and every cause of action therein contained are barred by any and all applicable statutes of limitations, including, but not limited to Code of Civil

4

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_Attorneys at Law_

Procedure Sections 335.1 and 342. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### FIFTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's Complaint and each and every cause of action therein contained are barred by the doctrine of laches. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### SIXTEENTH AFFIRMATIVE DEFENSE

17.     This answering defendant denies that a dangerous condition existed. However, if it is determined that a dangerous condition in fact did exist, such condition did not exist for a sufficiently reasonable amount of time as to give actual or constructive notice of the condition. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

18.     This defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses available. Defendant herein reserves the right to assert additional defenses in the event that the discovery indicates that they would be appropriate. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

WHEREFORE, defendant TARGET CORPORATION, prays as follows:

1.    For dismissal of the Complaint with prejudice;

2.    For judgment in favor of this answering defendant and against plaintiff;

3.    For costs of suit;

4.    For such further relief as the court may deem just and proper.


DATED: August 12, 2020                **MANNING & KASS**
                                       **ELLROD, RAMIREZ, TRESTER LLP**



                              By:    _____
                                     Joshua K. Babataher
                                     Attorneys for Defendant TARGET
                                     CORPORATION (Erroneously sued herein as
                                     TARGET BRANDS, INC.)

6

**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Defendant hereby demands trial by jury.

3

4   DATED: August 12, 2020          **MANNING & KASS**
                                     **ELLROD, RAMIREZ, TRESTER LLP**

5

6

7                                    By: _____

8                                    Eugene J. Egan
                                     Joshua K. Babataher
9                                    Attorneys for Defendant,
                                     TARGET CORPORATION (Erroneously sued
10                                   herein as TARGET BRANDS, INC.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

1

<u>**PROOF OF SERVICE**</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

      At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

4

5

      On August 12, 2020, I served true copies of the following document(s) described as **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

6

7

Colleen O'Hara, Esq.
Law Office of Colleen O'Hara
205 S. Broadway, Suite 902
Los Angeles, CA 90012
P: 213.628.3929
F: 213.628.3908
**Attorney for Plaintiff**
**Lymbhya Tavera-Garcia**
Email: colleenoharalaw@yahoo.com

8

9

10

11

12

13

      **ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

14

15

16

17

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19

      Executed on August 12, 2020, at Los Angeles, California.

20

21

        /s/ Brenda Leonardo
      Brenda Leonardo

22

23

24

25

26

27

28

8

**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

# EXHIBIT D

Colleen O'Hara, #201827
Law Office of Colleen O'Hara
205 South Broadway Suite 902
Los Angeles, CA 90012
Tel. (213) 628-3929 Fax (213) 628-3908

Attorney for Lymbhya Tavera Garcia, Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

Case No. 20STCV15673

LYMBHYA TAVERA GARCIA,

                                    PLAINTIFF LYMBHYA TAVERA
                                    GARCIA's RESPONSE TO
                                    DEFENDANT TARGET
                                    CORPORATION'S FORM
            Plaintiffs,             INTERROGATORIES

VS.

TARGET CORPORATION, et al,

            Defendants.


RESPONDING PARTY:        Plaintiff, LYMBHYA TAVERA GARCIA

PROPOUNDING PARTY:       Defendant, TARGET CORPORATION

SET NO.:                 One

        Plaintiff LYMBHYA TAVERA GARCIA hereby responds to the Form

Interrogatories propounded by Defendant TARGET CORPORATION:


                                            Dated: 1/5/2021

                            Colleen O'Hara


_____



1.0. Lourdes Stoneking, Administrative Assistant
    205 South Broadway Suite 902, Los Angeles, CA 90012 (213) 628-3929

2.1

    c;    Lymbhya Tavera Garcia
    kj    Lymbhya Tavera Garcia
        Lymbhya Tavera Garcia

2.2   10/13/1992 Hollywood California

2.3 Yes

    ia$_g$   California

        E1254318
    c    10/09/2020
    d    none

2.4 No

2.5

    'll   14505 Lemoli Avenue, Hawthorne, CA 90250
    c    not applicable
        not applicable

2.6  (a)  Children's Institute, Inc, 7226 South Figueroa Street, Los Angeles, CA 90003 February 2018-current
           Title: Family Services Worker
           Duties:

1.Recruits families for assigned ECE programs.
2.Completes enrollment for families assigned to their caseload and reports vacancy information in a timely manner in order to maintain full enrollment at assigned sites at all times.
3.Monitors absences and follows up with families to ensure that children are attending class on a regular basis in order to meet program requirements.
4.Completes strength and needs assessment for assigned families.
5.Identifies goals for families that result in self-sufficiency.
6.Enhances parent's skills and understanding regarding parental engagement and activities that
promote literacy.
7.Provides resources and referrals to families.
8.Facilitates the exchange of information between assigned families and content area specialists.
9.Works with Site Supervisors and Teachers to plan and conduct parent committee meetings.
0.   Develops and maintains appropriate case notes and other records and prepares periodic reports as required.
1.   Carrying, moving files and other items as required.
2.   Underta<ing special projects as required.

       (b)  First Step for Kids, 2447 Pacific Coast Highway, Suite 111, Hermosa Beach, CA 90254 11/2017- February 2018
           Human Services Association (HeadStart), 2629 Clarendon Avenue, Huntington Park, CA 90255 October 2016-November 2017

Lindbergh Child Development Center 220 23r^d St, Costa Mesa, CA 92627 June 2015-October 2016

2.7   (a)    Leuzinger High School, 4118 Rosecrans Avenue, Lawndale, CA 90260

     (b)    August 2006-May 2010

     (c)    Senior in high school

     (d)    High School diploma

     A    Cal-State Long Beach, 1250 Bellflower, Long Beach, CA 90840
     B    A u g u s t   2 0 1 0 - M a y   2 0 1 5
     C    Senior
     D    B.A. (Major in Child Development and Family Studies)

2.8 No
2.9 Yes
2.10 Yes
2.11 No
2.12 No
2.13 No

4.1   ba   Anthem Blue Cross health insurance
          Anthem Blue Cross, PO Box 10000, Van Nuys, CA 91470-0001
      c   Lymbhya Tavera Garcia, responding party can be reached through her counsel
         730M94478

      d)   do not know limits of policy
      f)   No.
      g)   Children's Institute Inc

4.2 N o

6.1    Yes

6.2
     Traumatic fall
     Right knee sprain/strain
     Right knee contusion
     3A abnormality of the anterior posterior horn of the lateral meniscus representing a circumferential tear
     3A abnormality of the medial meniscus characterized by an oblique tear with fluid in the posterior joint space
     ACL sprain
     Lateral femoral condylar bone bruises with a patellar bone bruise
     Right knee bursitis
     Right knee medial meniscus tear
     Right knee lateral meniscus tear

6.3    Do you still have any complaints that you attribute to the incident?

     A.    Pain in the knee that comes and goes and becomes worse when its cold. Also, the knee constantly cracks.

B.    See the answer in A.
C.    The frequency and duration varies.

6.4    Did you receive any consultation or examination or treatment from a
       health care provider for any injury you attribute to the incident?

(A)    Dr. Neil Ghodadra, 25067 JimBridger Road, Hidden Hills, CA
       91302
       Surgery
       11/21/2018 (dates are based on billing documents)
D      $12,000.00

(A)    Spalding Surgical Group, 25067 JimBridger Road, Hidden
       Hills, CA 91302
B      Surgery
C      11/21/2018 (dates are based on billing documents)
D      $9,100.00

(A)    Precise Imaging, 6710 Kester Avenue, #126, Van Nuys, CA
       91405
       MRI
       12/3/2019 (a second visit, date unknown)
       (dates are based on billing documents)
(D)    $2200.00 for 12/3/2019 and the cost for the second visit unk

(A)    Daniel Loder, MD, Westside Anesthesia Services, PO Box
       3129, Torrance, CA 90510-3129 (310) 792-3914
       Anesthesia for surgery
C      11/21/18; 1/8/2020 (dates are based on billing documents)
D      $3,250.00

(A)    Bay City Surgery Center, 2557A Pacific Coast Highway,
       Torrance, CA 90505
B      Platelet Rich Plasma
C      1/8/2020 (dates are based on billing documents)
D      $58,500.00

(A)    Southern California Sports Rehabilitation Center, 1809 East
       Dyer Road, Suite 311, Santa Ana, CA 92705-5740 (949) 863-
       0022
       Physical therapy and chiropractic treatment
C      12/11/2018-3/31/2019 (dates are based on billing documents)
D      $8,321.48

(A)    Lyg A Professional Med Corp, 1401 Avocado Avenue, #105,
       Newport Beach, CA 92660-7710 (888) 622-7656

       Acupuncture
       4/1c./2019-5/21/2019 (dates are based on billing documents)
D      $1,882.07

(A)    Progessive Orthopedic Solutions, LLC, PO Box 2906 Santa Fe
       Springs, CA 90670 (562) 777-9010
(B)    Q-Tech Therapy System, Half Leg Garment for Qtech
       Universal Therapy wrap/Pad for Qtech, Shipping Fee

- 4 -

(c)    11/21/2018-12/11/2018 (dates are based on billing documents)
(D) $2,478.77

(A)    Crenshaw Chiropractic, 3535 West Imperial Hwy, E, Inglewood, CA 90303 (424) 227-9287


EF).$Physical Therapy
9/13/2018-11/20/2018 (dates are based on billing documents)
$2655.00

A    Dr. David Ramin, MD ECii Physical Evaluation
D    11/6/2018 (dates are based on billing documents)
      $2,440.00

(A)    Medvantage DME, LLC, PO Box 8170, La Verne, CA 91750 (562) 233-6781
B      or treatment
C      1/9/2020-1/29/2020 (dates are based on billing documents)
D      $2623.18

(A)    Exer Urgent Care, 3215 North Sepulveda Avenue, Manhattan Beach, CA 90266 (424) 295-0540
B      Urgent Care treatment
C      9/10/2018; 11/2/2019 (dates are based on billing documents)
D      $20.00 co-pay each time

(A)    Providence Health & Services, 4101 Torrance Boulevard, Torrance, CA 90503 (866) 747-2455

113:i  Emergency care
C      11/27/2018 (dates are based on billing documents)
$100.00 Co-Pay (Plaintiff was reimbursed for the copay) 6.5
      Tylenol


:111 recommended by a medical provider
      I used to take it after surgery and thereafter as needed.
      e      Approximately $10.49 per purchase
Advil
recommended by a medical provider
12/23/2018
use as needed

Approximately $9.99 per purchase

Hydrocodone
prescribed by a medical provider at providence little company of Mary
use as needed

do not recall the cost

Narco
prescribed by urgent care
use as needed
$4.02

6.6  a) CVS Reuse Cold Pack (2)
b    12/19/2018
c)   $13.98 per purchase
d)   do not recall the medical provider who recommended it

.1   Physix Gear Knee Support Brace
6/20/2019
$19.94
d    do not recall the medical provider who recommended it

T E N S   M a s s a g e r   T e n s   U n i t
1 1    T h e r a p y   P u l s e   M u s c l e   d o   n o t   r e c a l l   t h e
d a t e   $ 2 9 . 9 8   d   d o   n o t   r e c a l l   t h e
m e d i c a l   p r o v i d e r   w h o   r e c o m m e n d e d   i t

11   Uber-transportation to medical appointments
12/19/2018; 12/17/2018
$9.64; $12.52; $11.35;
d    do not recall whether a medical provider recommended it

lqª i    Parking for medical appointment
c        5/06/2018
d        not applicable

।)       Epsom Salt
)        Do not recall the dates
Do not recall the costs
d,       recommended by a medical provider

6.7   Has any health care provider advised that you may require future or
additional treatment for any injuries that you attribute to the incident? If
so for each injury state:

b    Dr.Neil Ghodadra, MD
The knee
Projected cost unknown

7.1  No.

7.2  Not applicable.

7.3  Not applicable.

8.1  Yes, loss of income.

8.2  (a)   Plaintiff's job included paperwork, enrollment, carrying file
boxes.
(b)   Family Service Worker
(c)   February 2018

8.3  The Friday before the incident.

8.4  $18.58

8.5    Plaintiff went in to work on on 9/10/2018 on crutches and with a doctor's note stating that she could only perform limited work duties that would include sedentary work only. Human resources informed Plaintiff that Children's Institute, Inc was no longer willing to accommodate her disability and they placed Plaintiff on an involuntary leave of absence effective 11/8/2018. Plaintiff returned to work on January 15, 2019.

8.6    Plaintiff went in to work on on 9/10/2018 on crutches and with a doctor's note stating that she could only perform limited work duties that would include sedentary work only. Human resources informed Plaintiff that Children's Institute, Inc was no longer willing to accommodate her disability and they placed Plaintiff on an involuntary leave of absence effective 11/8/2018. Plaintiff returned to work on January 15, 2019.

8.7    Plaintiff's loss of earnings was approximately $6,744.54 in gross pay. It was calculated by using Plaintiff's gross hourlypay of $18.58. During the period of involuntary leave, however Plaintiff received $3,520.57 in disability pay. Additionally, Plaintiff used her vacation time for approximately 15-20 hours to be able to take time off of work to be able to attend medical appointments. For vacation time, I earn $18.58 per hour.

8.8    Plaintiff will likely lose additional income in the future when necessary to seek further medical treatment.

9.1    No, except to the extent that they are set forth in responses to other interrogatories.

9.2    See the response to Interrogatory 9.1. Not applicable.

10.1 No.

10.2 Not applicable.

10.3 No.

11.1 No.

11.2 No.

12.1 (a)    Alejandra Gonzalez, Target employee. Propounding Party refuses to disclose her contact information and that refusal is the subject of a pending motion to compel filed by Plaintiff.

      (b)    Alejandra Gonzalez, Target employee. Propounding Party refuses to disclose her contact information and that refusal is the subject of a pending motion to compel filed by Plaintiff.

      (c)    Alejandra Gonzalez, Target employee. Propounding Party refuses to disclose her contact information and that refusal is the subject of a pending motion to compel filed by Plaintiff.

(d)   Not applicable. Plaintiff was shopping alone at the Target store.

12.2 No.

12.3 No.

12.4 (a)   Plaintiff does not recall the exact number of photographs, but they were previously turned over to the Propounding Party in response to Propounding Party's request for production of documents.

)   Yes, photographs of my injuries and the location of the incident. Plaintiff was not recall the specific dates that the photos were taken, but it was close in time to the accident.

(d)   Plaintiff, who can be reached through her counsel.

(e)   Plaintiff's counsel has a copy of the photographs.

r))   Yes, videosurveillance. Plaintiff does not have a copy.

)   The videosurveillance was in a position to have captured the incident. 9/9/2018

d)   Video-surveillance captured by the subject Target store. Who possesses it is within the knowledge of the Propounding Party and not the Responding Party.

(e)   This information is within the knowledge of the Propounding Party and not the Responding Party.

12.5 No.

12.6 Yes.
A   Alelandra Gonzalez, employee of Target Corporation
B   9/9/18       Guest Incident Report
C   The Propounding Party is refusing to provide contact information for Ms. Gonzalez to Plaintiff. Plaintiff filed a motion to compel.
(D)   The Responding Party's attorney.

12.7 Yes.

13.1 No.

13.2 Not applicable.

14.1 This is a question that calls for a legal conclusion and is being answered by an attorney and I, attorney Colleen O'Hara, am still investigating this matter and will determine if there was a violation of a statute, ordinance, or regulation.

14.2 No

-8-

CERTIFICATE OF SERVICE

I, Colleen O'Hara, certify as follows:

I am a member of the State Bar, number 201827 in good standing. My business address is 205 South Broadway, Suite 902, Los Angeles, CA 90012.

On January 5, 2021, I served the foregoing Plaintiff Lymbhya Tavera Garcia's Response to Form Interrogatories Propounded by Defendant Target Corporation by serving them on Defendant Target Corporation's law firm of record at their requested email addresses:

Joshua Babataher

Jkbamanningllp.conn

Brenda Leonardo (assistant)

bfl@manningllp.com


I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this certificati       was executed on January 5, 2021.

_____

C
OLLEEN O'HARA

1                                    VERIFICATION

        I, Lymbhya Tavera Garcia, have read and reviewed the foregoing answers to
Defendant Target Corporation's Form Interrogatories, Set One.

        I am a party to this action. The answers are true and correct, based on my
own knowledge, to the best of my recollection, except as to those matters for
which I have no personal knowledge, and as to those matters I believe them to be
true. Moreover, as to any contention interrogatories, I defer to my attorney,
Colleen O'Hara, to answer those interrogatories, as they call for a legal opinion.

        I affirm that the foregoing answers are true and correct to the best of my
knowledge, or, where indicated, on information or belief, under penalty of perjury
under the laws of the State of California.

Executed on JanuaryS, 2021 in Los Angeles, CA

                                    _____

                                    LYMBHYA TAVERA GARCIA

# EXHIBIT E



**Alex Padilla**
**California Secretary of State**

# Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Sunday, July 19, 2020. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C0536463 TARGET CORPORATION

| | |
|---|---|
| **Registration Date:** | 11/24/1967 |
| **Jurisdiction:** | MINNESOTA |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 1000 NICOLLET MALL |
| | MINNEAPOLIS MN 55403 |
| **Entity Mailing Address:** | 1000 NICOLLET MALL, TPS 3155 |
| | MINNEAPOLIS MN 55403 |

☐ **Certificate of Status**

A Statement of Information is due EVERY year beginning five months before and through the end of November.

| Document Type ☐ | File Date ☐ | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 06/12/2020 | |
| SI-NO CHANGE | 10/22/2019 | |
| PUBLICLY TRADED DISCLOSURE | 06/21/2019 | |
| PUBLICLY TRADED DISCLOSURE | 06/28/2018 | |
| SI-COMPLETE | 10/24/2017 | |
| PUBLICLY TRADED DISCLOSURE | 06/23/2017 | |

| Document Type | File Date | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 06/21/2016 | |
| PUBLICLY TRADED DISCLOSURE | 06/25/2015 | |
| PUBLICLY TRADED DISCLOSURE | 07/18/2014 | |
| PUBLICLY TRADED DISCLOSURE | 06/27/2013 | |
| PUBLICLY TRADED DISCLOSURE | 06/20/2012 | |
| PUBLICLY TRADED DISCLOSURE | 05/31/2011 | |
| PUBLICLY TRADED DISCLOSURE | 06/01/2010 | |
| PUBLICLY TRADED DISCLOSURE | 06/09/2009 | |
| PUBLICLY TRADED DISCLOSURE | 06/19/2008 | |
| PUBLICLY TRADED DISCLOSURE | 06/22/2007 | |
| PUBLICLY TRADED DISCLOSURE | 06/07/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/23/2005 | |
| PUBLICLY TRADED DISCLOSURE | 12/03/2004 | |
| PUBLICLY TRADED DISCLOSURE | 12/22/2003 | Image unavailable. Please request paper copy. |
| PUBLICLY TRADED DISCLOSURE | 12/05/2003 | Image unavailable. Please request paper copy. |
| PUBLICLY TRADED DISCLOSURE | 11/25/2003 | Image unavailable. Please request paper copy. |
| AMENDED REGISTRATION | 02/11/2000 | |
| AMENDED REGISTRATION | 07/23/1985 | |
| AMENDED REGISTRATION | 07/22/1969 | Image unavailable. Please request paper copy. |
| REGISTRATION | 11/24/1967 | Image unavailable. Please request paper copy. |

* Indicates the information is not contained in the California Secretary of State's database.

Case 2:21-cv-00493  Document 1  Filed 01/19/21  Page 44 of 59  Page ID #:44
Case 2:20-cv-06481  Document 1  Filed 07/21/20  Page 26 of 73  Page ID #:26

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

| Modify Search | New Search | Back to Search Results |

---

## Business Record Details »

---

Minnesota Business Name
## Target Corporation

**Business Type**
Business Corporation (Domestic)

**MN Statute**
302A

**File Number**
11-AA

**Home Jurisdiction**
Minnesota

**Filing Date**
02/11/1902

**Status**
Active/In Good Standing

**Renewal Due Date**
12/31/2020

**Registered Office Address**
1010 Dale St N
St Paul, MN 55117–5603
USA

**Number of Shares**
6,005,000,000

**Registered Agent(s)**
C T Corporation System

**Chief Executive Officer**
BRIAN C CORNELL
1000 Nicollet Mall
Mpls, MN 55403
USA

**Principal Executive Office Address**
1000 Nicollet Mall
Mpls, MN 55403
USA

---

**Filing History**

# Filing History

☐

**Select the item(s) you would like to order:**  Order Selected Copies

**Filing Date**        **Filing**                                **Effective Date**

https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=897f2a7c-a5d4-e011... 7/20/2020

| ☐ | Filing Date | Filing | Effective Date |
|---|---|---|---|
| | 02/11/1902 | Business Corporation (Domestic) Business Name (Business Name:Goodfellow Dry Goods Co.) | |
| ☐ | 05/25/1903 | Business Corporation (Domestic) Business Name (Business Name:Dayton Dry Goods Co.) | |
| ☐ | 05/17/1911 | Business Corporation (Domestic) Business Name (Business Name:The Dayton Company) | |
| ☐ | 08/04/1915 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 02/04/1919 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 11/29/1922 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 07/25/1928 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 08/12/1931 | Business Corporation (Domestic) Duration | |
| ☐ | 02/16/1939 | Amendment - Business Corporation (Domestic) | |
| ☐ | 07/25/1939 | Amendment - Business Corporation (Domestic) | |
| ☐ | 03/18/1949 | Business Corporation (Domestic) Duration | |
| ☐ | 12/30/1950 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 07/28/1955 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 12/31/1958 | Merger - Business Corporation (Domestic) | |
| | 12/31/1958 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 02/02/1959 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/30/1963 | Amendment - Business Corporation (Domestic) | |

| Filing Date | Filing | Effective Date |
|---|---|---|
| ☐ | 09/02/1964 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 03/02/1966 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 12/06/1966 | Amendment - Business Corporation (Domestic) | |
| ☐ | 01/27/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/29/1967 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 07/28/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/06/1967 | Business Corporation (Domestic) Business Name (Business Name:Dayton Corporation) | |
| | 09/06/1967 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 11/24/1967 | Merger - Business Corporation (Domestic) | |
| ☐ | 12/08/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/07/1968 | Merger - Business Corporation (Domestic) | |
| ☐ | 02/13/1969 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 03/18/1969 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/22/1969 | Amendment - Business Corporation (Domestic) | |
| ☐ | 06/20/1969 | Business Corporation (Domestic) Business Name (Business Name:Dayton-Hudson Corporation) | |
| ☐ | 07/23/1970 | Amendment - Business Corporation (Domestic) | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 06/16/1972 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 01/04/1974 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/25/1975 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/25/1975 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/27/1976 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/27/1976 | Merger - Business Corporation (Domestic) | |
| ☐ | 02/01/1977 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/24/1978 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 06/24/1982 | Business Corporation (Domestic) Active Status Report | |
| ☐ | 11/22/1982 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/26/1983 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 04/19/1984 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 05/31/1985 | Business Corporation (Domestic) Restated Articles | |
| | 05/31/1985 | Business Corporation (Domestic) Business Name (Business Name:Dayton Hudson Corporation) | |
| ☐ | 01/15/1986 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/30/1986 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/23/1986 | Amendment - Business Corporation (Domestic) | |
| ☐ | 06/03/1987 | Amendment - Business Corporation (Domestic) | |
| ☐ | 05/25/1988 | Amendment - Business Corporation (Domestic) | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 01/11/1990 | Business Corporation (Domestic) Other | |
| ☐ | 06/21/1996 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/12/1996 | Business Corporation (Domestic) Other | |
| ☐ | 09/18/1997 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/1998 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/10/1998 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/11/1998 | Business Corporation (Domestic) Other | |
| ☐ | 01/13/2000 | Business Corporation (Domestic) Business Name (Business Name:Target Corporation) | |
| | 01/13/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 06/16/2000 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 11/17/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 09/18/2001 | Business Corporation (Domestic) Other | |
| ☐ | 02/21/2002 | Business Corporation (Domestic) Restated Articles | |
| | 02/21/2002 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 12/23/2002 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/31/2003 | Merger - Business Corporation (Domestic) | |

Case 2:20-cv-00481 Document 1 Filed 07/29/21 Page 55 of 59 PageID #: 55
Case 2:20-cv-00481 Document 1 Filed 07/29/21 Page 34 of 73 PageID #: 34

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 04/20/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 06/14/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 08/31/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 10/27/2005 | Business Corporation (Domestic) Other | |
| ☐ | 10/28/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 10/28/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 11/09/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 11/22/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 07/13/2006 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/24/2007 | Amendment - Business Corporation (Domestic) | |
| ☐ | 05/24/2007 | Business Corporation (Domestic) Other | |
| ☐ | 06/17/2008 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/27/2009 | Merger - Business Corporation (Domestic) | |
| ☐ | 06/10/2010 | Business Corporation (Domestic) Restated Articles | |
| ☐ | 11/22/2010 | Merger - Business Corporation (Domestic) | |
| ☐ | 4/30/2015 | Merger Survivor - Business Corporation (Domestic) | 5/1/2015 12:01 AM |
| ☐ | 10/12/2015 | Merger Survivor - Business Corporation (Domestic) | 10/16/2015 12:01 AM |
| ☐ | 1/27/2016 | Merger Survivor - Business Corporation (Domestic) | 1/30/2016 11:59 PM |
| ☐ | 1/28/2016 | Merger Survivor - Business Corporation (Domestic) | 1/30/2016 11:59 PM |
| ☐ | 4/18/2016 | Registered Office and/or Agent - Business Corporation (Domestic) | |

Case 2:20-cv-06481 Document 1 Filed 07/21/20 Page 35 of 73 Page ID #:35

| ☐ Filing Date | Filing | Effective Date |
|---|---|---|
| ☐ 9/16/2016 | Registered Office and/or Agent - Business Corporation (Domestic) | |

© 2020 Office of the Minnesota Secretary of State - **Terms & Conditions**          ☐ **Subscribe for email updates!**

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My

4

business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5

On January 19, 2021, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.**

6

**§1441(b)1 (DIVERSITY); DECLARATION OF JOSHUA K. BABATAHER** the interested parties in this action as follows:

7

Colleen O'Hara, Esq.

8

Law Office of Colleen O'Hara
205 S. Broadway, Suite 902

9

Los Angeles, CA 90012
P: 213.628.3929

10

F: 213.628.3908
**Attorney for Plaintiff**

11

**Lymbhya Tavera-Garcia**
Email: colleenoharalaw@yahoo.com

12

13

**ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the

14

document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic

15

because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other

16

indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only,

17

when we return to the office at the conclusion of the National Emergency.

18

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office

19

of a member of the bar of this Court at whose direction the service was made.

20

Executed on January 19, 2021, at Los Angeles, California.

21

22

*/s/ Brenda Leonardo*

23

Brenda Leonardo

24

25

26

27

28

Case No.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (b)1 (DIVERSITY); DECLARATION OF JOSHUA K. BABATAHER**